UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN SANCHEZ,<br>Plaintiff,<br>v.<br>FAY SERVICING LLC; WILMINGTON TRUST N.A.; BDF LAW GROUP; DARLENE C. VIGIL; BIRD ROCK HOME MORTGAGE LLC; CALLAHAN LAW FIRM, APC.; and DOES 1-20, inclusive,<br>Defendants. | Case No.: 3:26-cv-5653-JES-SBC<br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br>**[ECF No. 2]** |

On October 1, 2026, Plaintiff Ruben Sanchez filed a complaint and an accompanying motion for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1-3.

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the Court may authorize the commencement, prosecution, or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP

application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness, and certainty." *Id*. (internal quotations omitted). The facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense … the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, according to his application, Plaintiff has a monthly income of approximately $3,000, while his enumerated expenses total $1,454. ECF No. 2 at 1-2, 4-5. Based on the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *See Escobedo*, 787 F.3d at 1234.

Thus, Plaintiff's application to proceed IFP is **DENIED**. Plaintiff must pay the filing fee no later than **November 13, 2026**, or his complaint will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: October 14, 2026

Honorable James E. Simmons Jr.
United States District Judge